**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM DOWNS,

      Plaintiff,

v.                                CASE NO: 8:13-cv-69-T-26MAP

BEAM BROTHERS TRUCKING, INC.
and JASON STERLING,

      Defendants.

_____/

**O R D E R**

    Before the Court is Plaintiff's Motion for Remand (Dkt. 6), and Defendant's

Response.  (Dkt. 7).  After careful consideration of the pleadings, the applicable law and

the entire file, the Court concludes that this case should be remanded to the state court.

    This action was originally filed in the Thirteenth Judicial Circuit Court in and for

Hillsborough County, Florida on October 19, 2012.[1]  According to Plaintiff William

Down's complaint, he was standing on a loading dock with Defendant Beam Brothers

Trucking, Inc.'s employee, Defendant Jason Sterling.[2]  On February 17, 2010, Sterling

was loading items into the trailer of the semi-trailer truck and rammed the loading cart

---

    [1]  See docket 2.

    [2]  See docket 2 at para. 7.

into Downs.[3]  Downs suffered personal injuries.[4]  The complaint sounds in negligence on the part of Downs as the tortfeasor and negligence on the part of Beam Brothers Trucking, Inc. (Beam) on the theory of *respondeat superior*.[5]

This case was removed to this District Court on January 8, 2013, on the basis of diversity of citizenship.[6]  The notice of removal asserts complete diversity among Downs, a resident of Florida, Sterling, a resident of Georgia, and Beam, a Virginia company.[7]  The amount of controversy allegedly exceeds the $75,000 threshold.  The complaint alleges that damages exceed $15,000.[8]  Defendant's counsel asserts that he received at some time after December 11, 2012, a demand letter from Plaintiff's counsel dated November 26, 2012.[9]  The letter, which is attached to the notice of removal, is addressed to the insurance company for Beam, noting $15,674.49 in expenses and placing a settlement amount on the suit of $200,000.  The due date for the settlement, however, is stated in the letter as November 20, 2011, which is one year *before* the date of the letter.  The demand letter is not signed.

---

[3]  See docket 2 at para. 9.

[4]  See docket 2 at para. 12.

[5]  See docket 2 at paras. 6 & 10.

[6]  See docket 1.

[7]  See docket 1 at para. 5.

[8]  See docket 2 at wherefore clause.

[9]  See docket 1 at para. 3 & Exh. 1.

Service of the complaint was effectuated on Beam on October 29, 2012.[10]  Plaintiff attaches a demand letter dated October 14, 2011, which is the exact same letter as the one dated November 26, 2012.[11]  The due date for the settlement is stated as November 20, 2011, which is about one month after the date of the letter and would be considered a typical amount of time for response to a demand.  The letter of October 14, 2011, unlike the one attached to the notice of removal, is signed.  Plaintiff now seeks to remand this case to state court based on (1) untimeliness, and (2) the amount in controversy failing to exceed $75,000.[12]  Both of Plaintiff's grounds are well-taken.  Plaintiff also seeks an award of costs and attorney's fees pursuant to 28 U.S.C. §1447(c).

### *Amount in Controversy*

This case is almost identical to <u>Piazzo v. Ambassador II JV, L.P.</u>, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218 (M.D. Fla. Jul. 21, 2010).  In <u>Piazzo</u>, the defendant relied exclusively on a demand letter to establish the amount in controversy.  Like the demand letter in the instant case, the <u>Piazzo</u> letter demanded an amount over $200,000 to settle the case, but listed the actual medical expenses as around $15,000.  As stated in <u>Piazzo</u>, "a settlement demand provides only marginal evidence of the amount in controversy because the 'plaintiff's letter is nothing more than posturing by plaintiff's

---

[10]   <u>See</u> docket 6, Exh. A— Return of Service.

[11]   <u>See</u> docket 6, Exh. C.

[12]   Plaintiff concedes complete diversity of citizenship among the parties.

-3-

counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff." <u>Piazzo</u>, (quoting <u>Standridge v. Wal-Mart Stores, Inc.</u>, 945 F.Supp. 252, 256-57 (N.D. Ga. 1996)).[13]  Because Defendant has failed to establish by a preponderance of the evidence[14] that the amount in controversy exceeds $75,000, the case must be remanded because this Court lacks jurisdiction.

<i><u>Timeliness</u></i>

Even if Defendant had proved that the amount in controversy exceeded the jurisdictional amount, the motion for remand was untimely as not filed within thirty days. <u>See</u> 28 U.S.C. §1446(b) (stating that notice of removal must be filed "within thirty days after the receipt by the Defendant" of a copy of the complaint).  The return of service shows service on October 29, 2012.  The notice of removal was not filed by Beam until well beyond thirty days later on January 8, 2013.

An award of "just costs and any actual expenses, including attorney's fees, incurred as a result of removal" may be imposed by this Court.  <u>See</u> 28 U.S.C. § 1447(c). In determining whether to award costs and fees, the Court must ascertain whether Beam

---

[13]   <u>See also</u> <u>Fields v. State Farm Mut. Auto. Ins. Co.</u>, No. 6:08-cv-632-Orl-19KRS, 2008 WL 2705424, at * 1 n.1 (M.D. Fla. Jul. 9, 2008) (noting that demand letters are given less weight than other documents in substantiating removal).

[14]   <u>See</u> <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001) (stating that removing defendant must prove by preponderance of evidence the amount in controversy and citing <u>Kirkland v. Midland Mtg. Co.</u>, 243 F.3d 1277, 1281 n. 5 and <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996, <i>overruled on other grounds by</i> <u>Cohen v. Office Depot</u>, 204 F.3d 1069 (11th Cir. 2000));

-4-

lacked an objectively reasonable basis for removal.  See <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (setting forth guidance in determining whether to award costs and fees under removal statute); <u>Rae v. Perry</u>, 392 F.App'x 753 (11th Cir. 2010) (unpublished opinion).  In this particular case, Defendant's counsel may have had an objectively reasonable basis to remove the case based on the surmised ability to prove by a preponderance of the evidence that the amount of controversy exceeded $75,000.  On the issue of timeliness, however, it is not objectively reasonable to remove a case well beyond the thirty-day period for removal.  Counsel undertook representation on December 11, 2012, and received the demand letter at some point in time thereafter.  The thirty days begins to run from service on the defendant, not from the date counsel is retained.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand (Dkt. 6) is **GRANTED**.  Costs shall be awarded against Defendant Beam in the amount of $250.  The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and then to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on February 15, 2013.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>COPIES FURNISHED TO</u>:
Counsel of Record